ORIGINAL

**FILED**

11/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0411

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0411

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

v.

CATHIE WARREN, a/k/a CATHIE
ODEGAARD,

　　　　Defendant and Appellant.

**FILED**

NOV 0 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellant Cathie Warren, a/k/a Cathie Odegaard, appeals from the July 27, 2021 Judgment and Sentence of the Nineteenth Judicial District Court, Lincoln County, in its Cause No. DC-16-79.

The parties have filed a Stipulation, Motion to Dismiss Appeal, and Proposed Order for Remand in which they advise that the District Court revoked Warren's sentences related to various felony counts of cruelty to animals under § 45-8-211, MCA, and aggravated animal cruelty under §§ 45-8-211(2)(a) and -217, MCA. Her original sentence imposed fully suspended two-year sentences to the Department of Corrections on each of eight felony counts, to run consecutively—a total term of 16 years DOC, all suspended.

In the Judgment and Sentence at issue in this appeal, and pertinent to the present motion, the District Court revoked Warren's suspended sentences and sentenced her to Montana State Women's Prison "for a period of 8 years," with credit for 33 days served and 1,380 days of street credit.

The parties stipulate and move that this matter should be remanded to the District Court for the purpose of entering an amended sentence and judgment. They agree that the District Court erred in sentencing Warren to Montana State Women's Prison upon revocation because the sentence is harsher than her original sentence to DOC, and thus illegal. The parties further agree that the imposed "period of 8 years" appears to illegally impose an

eight-year sentence for convictions for which two years is the available maximum; they stipulate that the District Court's imposed sentence is a sentence totaling eight years from the revocation of eight separate felony counts that each have a two-year maximum available sentence. Third, the parties agree that the Judgment and Sentence erroneously omits some of Warren's credit for time served, which they calculate as a total of 44 days. Finally, the parties assert that the District Court gave Warren too much credit for street time as she was entitled to only 1,347 days.

The parties therefore ask this Court to remand this matter to the District Court for entry of an amended judgment and to dismiss the remainder of this appeal with prejudice.

Based on the parties' stipulation and motion to dismiss and the record on appeal, and good cause appearing,

IT IS HEREBY ORDERED that this case is REMANDED to the Nineteenth Judicial District Court, Lincoln County, with instructions for the District Court to amend its Judgment and Sentence as follows:

1. Defendant's suspended sentence dated June 6, 2017, is revoked. The Defendant is committed to the Department of Corrections for a total period of 8 years.

2. Defendant shall receive credit for 77 days' time served by reason of prior incarceration as of the date of this Judgment.

3. Having considered § 46-18-203(7)(b), MCA, the Court gives the Defendant 1,347 days street credit toward her sentence for elapsed time while Defendant was under her initial probationary sentence.

IT IS FURTHER ORDERED that the remainder of this appeal is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that REMITTITUR shall issue IMMEDIATELY UPON REMAND.

The Clerk is directed to provide copies of this Order to all counsel of record and to presiding judge Honorable Matthew Cuffe. The Clerk of District Court for the Nineteenth

2

Judicial District is directed to provide a copy of the amended judgment to the Department of Corrections Records Department.

Dated this 9th day of November, 2022.

_____

_____

_____

_____

_____
                                 Justices

3